UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ISAI DAVID ORTEGA ORTEGA,

Petitioner,

v.

DAVID T. WESLING, Acting Field Office Director, Boston Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security; ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility,

Respondents.

CIVIL ACTION NO. 26-CV-14658-WGY

YOUNG, D.J. October 26, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Robert Caldeira De Oliveira Junior's ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241 ("the Petition" or "Pet."), ECF No. 1, as well as the Respondent's response to the Petition ("Response" or "Resp."), ECF No. 6.

This Court agrees with Petitioner that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge. This conclusion is consistent with the binding decision in

Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL2352042 (1st Cir. Aug. 13, 2026).

Further, Respondents submit that the legal issues presented in this Petition are similar to those recently decided by the First Circuit in Guerrero Orellana, and should the Court follow that holding, "it would reach the same result here, namely that Petitioner is detained pursuant to 8 U.S.C. 1226(a) and he is entitled to a bond hearing should he request one." [Resp. at 1]. The Petition does request a bond hearing. See generally, Pet. As such, the Court construes—and ORDERS the Respondents to likewise construe—the pending petition as conveying a request for a bond hearing before Immigration Court.

Further, Respondents agree that this Court has jurisdiction despite transferring Petitioner out of the District of Massachusetts before receiving the Court's Order Staying Transfer and Removal, ECF No. 3. Resp. at 2. Therefore, the Court shall order the Respondents to transfer the Petitioner back to the District of Massachusetts.

Accordingly, the Court hereby ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Petitioner poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held

within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order. The Court further ORDERS the Respondents to transfer the Petitioner back to the District of Massachusetts within seven (7) days of this Order.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.